UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RO'CEME JETHROW, | ) | CASE NO.    4:08 CR 520-002 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court upon Ro'Ceme Jethrow's ("Petitioner's") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Docket #78.) On August 26, 2009, pursuant to a written plea agreement, Petitioner entered a guilty plea to one count of armed bank robbery in violation of 18 U.S. C. Code § 2113(a)(d) (Count 1), three counts of armed carjacking in violation of 18 U.S.C. §2119 (Counts 2, 3, and 4), and one count of discharging a firearm during a crime of violence in violation of 18 U.S.C. 924(c)(1) (Count 5). On November 20, 2009, Petitioner was sentenced to 240 months for Count 1, 180 months for Counts 2, 3 and 4, and 120 months for Count 5, to be served concurrently and consecutively, for a total of 360 months imprisonment and five (5) years of supervised release. On May 13, 2014, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Docket #78.)

Petitioner raises two basic claims in his Motion, alleging ineffective assistance of counsel and that his guilty plea was made unknowingly and involuntary.  Specifically, Petitioner alleges that his counsel was ineffective for not conducting an investigation into Petitioner's competency,

and that his plea was not entered knowingly and voluntarily as a result of his alleged mental disability.

As set forth in the Government's Response in Opposition to Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Docket #82), Mr. Jethrow's petition is dismissed as time-barred. The final day on which to file a timely habeas petition in this case was January 4, 2011. Petitioner filed his Motion well beyond the deadline, on May 13, 2014. For reasons set forth in the Government's brief, Petitioner is not entitled to equitable tolling as there is no evidence on the record to show that he has pursued his rights diligently or that some extraordinary circumstance, other than his alleged mental disability, prevented timely filing. However, even if the Petition had been timely filed it would fail on the merits.

A petitioner that moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. As such, a court may grant relief under § 2255 only if a petitioner has demonstrated a "fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir.1996) (recognizing that evidentiary hearing not required when the record conclusively shows that petitioner is not entitled to relief).

In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that

his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that the trial was unfair and the result was unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Id.* Judicial scrutiny of counsel's performance must be "highly deferential." *Id.* at 689.

The Petitioner has failed to offer any facts or evidence to support his allegations of ineffective assistance of counsel. Mr. Jethrow's counsel appropriately represented his client raising any and all issues which had any basis in fact or law. Mr. Jethrow's counsel requested a competency hearing which the trial court denied on the grounds that there was no evidence to suggest defendant is not competent to stand trial. In fact, the Court noted that the evidence indicates that the "Defendant is now and always has been competent." (Docket #50.) Petitioner has offered nothing more than speculation and conjecture in support of his claim of ineffective assistance of counsel, and the law is clear that such a basis is "patently insufficient" to support a petition for *habeus corpus*. *See, e.g., Barry v. United States*, 528 F.3d 1094, 1101 (7th Cir. 1976); *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003); *United States v. Allison*, 59 F.3d 43, 47 (6th Cir. 1995). Petitioner has offered no evidence that would meet the requirements set forth in *Strickland* and his claim of ineffective assistance of counsel is hereby dismissed.

Petitioner's claim that his guilty plea was not entered knowingly and voluntarily as a result of his alleged mental disability is without support in the record. The written plea agreement in this case was detailed. It included the nature of the substance with which Petitioner was charged, the rights he was giving up by pleading guilty and the potential sentence for the crimes charged. Mr. Jethrow was informed of his rights and the entire plea agreement was read

in open court when he entered his guilty plea. Further, Mr. Jethrow cannot substantiate his incompetency claim by stating that he receives Social Security benefits as a result of his alleged learning disability. The fact that Petitioner receives Social Security benefits as a result an alleged learning disability does not prove or even necessarily suggest that he is legally incompetent. In determining whether a defendant is competent the Supreme Court has indicated that the test is whether the defendant has "sufficient ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the nature of the proceedings against him." *Dusky v. United States*, 362 U.S. 402 (1960). This Court personally observed the Petitioner during the course of the proceedings, the guilty plea hearing, and during sentencing. The Petitioner was also subjected to an exhaustive pre-sentence investigation. The pre-sentence report provided no information to suggest that the Petitioner was not legally competent to understand the plea agreement or consult with his attorney. The Court, therefore found that the Petitioner knowingly, voluntarily and of his own free will entered a guilty plea with a complete understanding of all the facts, circumstances and issues material to his case. There is no basis whatsoever to grant his current request nor is there any evidence that Petitioner was not competent at any stage of these proceedings.

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further. Further, to the extent

-5-

that Petitioner's claims were also rejected on the merits, reasonable jurists could not find the assessment of Petitioner's constitutional claims to be debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under §2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, Petitioner's Motion Under §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket #78) is DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P.22(b).

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: November 24, 2014